Opinion issued June 10, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00714-CV

———————————

LINDA COOK, INDIVIDUALLY AND AS NEXT FRIEND AND LEGAL REPRESENTATIVE
OF KAYLON MARY LAUREN COOK, DECEASED, AND ON BEHALF OF THE ESTATE OF KAYLON
MARY LAUREN COOK, DECEASED, Appellant

V.

LINTON COOK;
WILLIAM L. COOK, JR., DECEASED; WILLIAM L. COOK, JR. ESTATE, DUANE D. HOFF,
EXECUTOR; WILLIAM L. COOK, JR. TRUST; DUANE D. HOFF, TRUSTEE OF THE WILLIAM L.
COOK, JR. TRUST; STEVEN M. VANASSE, TRUSTEE OF THE WILLIAM L. COOK, JR. TRUST;
MERRIWAY CONSTRUCTION, INC.; AND MERRIWAY INVESTMENTS, L.L.C., Appellees



 



 

On Appeal from the 189th District Court

Harris County, Texas



Trial Court Case No. 2006-58622

 



 

MEMORANDUM OPINION

          This appeal involves claims arising
from the death of Kaylon Mary Lauren Cook, the teenage daughter of Linda and
Linton Cook.  Acting individually, as
next friend and legal representative of Kaylon, and on behalf of Kaylon’s
estate, Linda filed this wrongful-death and survival suit against Linton and numerous
other defendants.

The trial
court rendered summary judgment in favor of all the defendants, including Linton.
 On appeal, Linda contends that the trial
court erred in rendering summary judgment for Linton and in granting more
relief than was requested in the remaining appellees’ motions for summary
judgment.  We reverse the summary
judgments of the trial court and remand for further proceedings.

Procedural
Background

          Kaylon died of a drug overdose while
living with Linton.  Linda sued Linton, asserting wrongful-death and survival claims.  Linda alleged that Linton is addicted
to hydrocodone and other prescription
drugs, and that he allowed Kaylon to ingest hydrocodone and alprazolam in
sufficient quantities to cause her death.

Linda
also sued numerous other defendants.  She
sued Linton’s father, William L. Cook, Jr., who died while this case was pending in the trial court.  She sued the William L. Cook, Jr.
Trust and two of its trustees, Duane D. Hoff and Steven M. Vanasse.  She sued two companies formed by William,
named Merriway Construction, Inc. and Merriway Investments, L.L.C.  And after William died, Linda joined as
defendants his estate and Hoff in his capacity as executor of the estate.  Generally speaking, Linda originally joined
these parties based upon her claim that they manipulated her income and assets
“so as to prevent her from having the financial ability to care for her
children.”  Linda claims that this
required Kaylon to live with her father.

          Linton and Merriway Investments, L.L.C. filed a combined traditional and no-evidence motion for summary
judgment.  The remaining defendants also filed a similar combined traditional and no-evidence motion for summary
judgment.  Neither motion formally
distinguished which grounds for summary judgment were based on the traditional
or no‑evidence standard.

Linda filed an amended petition after the summary‑judgment
motions had been filed.  The amended
petition, which was Linda’s live pleading at the time the trial court ruled on
the summary judgment motions, identified the following claims:

1.     Wrongful-death claim against
Linton (Tex. Civ. Prac. & Rem. Code
Ann. §§ 71.002‑.012 (Vernon 2008));

2.     Survival claim against
Linton (Tex. Civ. Prac. & Rem. Code
Ann. § 71.021 (Vernon 2008));

3.     “Cause of Action for Participatory
Liability” against all defendants, including Linton, for “aiding and abetting
by assisting or encouraging and for aiding and abetting by assisting and
participating”;

4.     “Cause of Action to Pierce
the Corporate Veil” against the William
L. Cook, Jr. Trust, Merriway Construction, Inc., and Merriway Investments, L.L.C.;
and

5.     “Request for Ancillary Relief Including the
Appointment of a Receiver and for Injunctive Relief” against all defendants.

The trial court granted both motions for summary
judgment in separate orders.  Each of the
two orders rendered a final summary judgment on all of Linda’s causes of action
and denied all other relief in the case.

Analysis

I.                 
Summary judgment in favor of Linton

          In her first issue, Linda claims the trial court erred in rendering a
summary judgment on her claims
against Linton.  Linton’s motion recited the traditional and
no-evidence standards for granting summary judgment.  Tex.
R. Civ. P. 166a(c), (i).  Both
standards require specificity from the movant as to the proposed grounds for
summary judgment.  In a traditional
motion, the movant is required to “expressly set out” those issues as to which
the movant is entitled to judgment as a matter of law because of the absence of
any genuine issue of material fact.  Tex. R. Civ. P. 166a(c).  A no-evidence motion must “state the elements
as to which there is no evidence.”  Tex. R. Civ. P. 166a(i); see also Timpte Indus., Inc.
v. Gish, 286 S.W.3d 306, 310 (Tex. 2009) (“The motion must be specific in
challenging the evidentiary support for an element of a claim or defense;
paragraph (i) does not authorize conclusory motions or general no-evidence
challenges to an opponent’s case.” (quoting Tex. R. Civ. P. 166a(i) cmt.-1997)).  On appeal, Linda addresses only the
negligence-based wrongful-death and survival causes of action against
Linton.  We therefore consider those
causes of action and the corresponding arguments contained in Linton’s
summary-judgment motion.

          Linton’s motion for summary judgment
did not distinguish between traditional and no-evidence grounds.  Nor did it distinguish between Linda’s
various causes of action.  In three and
one-half pages of argument and authorities, it presented no cohesive argument
for summary judgment on any particular claim based on any particular theory.

          Linton presented no summary-judgment
arguments concerning Linda’s wrongful‑death and survival claims that were
based on the traditional summary‑judgment standard, i.e., Linton
presented no evidence in an effort to show “there is no genuine issue as to any
material fact” as to those causes of action. 
Instead, Linton’s motion merely presented a litany of assertions for
which there allegedly is “no evidence.”  Linton
contends:

There is no evidence that Linton . . . gave Alprazolam
and/or Hydrocodone to Kaylon at any time. 
There is no evidence of when Kaylon took these drugs or the source from
which she obtained these drugs.  There is
no evidence that Linton . . . allowed Kaylon access to these drugs or allowed
her to ingest them, as there is no evidence that either had knowledge that she
had access to these drugs or ingested them around the time of the respiratory
distress event which ultimately led to her death.  Movants ask that the Court grant summary
judgment on these allegations on the basis that there has been no evidence
presented to support them.

A no-evidence summary judgment can be granted as to
a “claim or defense,” but there is no authority in Rule 166a(i) to grant a
no-evidence summary judgment as to a factual allegation.  Linton offered no argument that the absence
of evidence as to these allegations constituted an absence of evidence as to
“one or more essential elements of a claim or defense” on which Linda would
have the burden of proof at trial.  Tex. R. Civ. P. 166a(i).  Linda’s primary substantive
causes of action are her wrongful-death and survival claims.  Both of those claims are premised on
allegations that Linton breached parental duties of care by specifically
alleged negligent acts or omissions, as detailed in her amended petition:

1.       providing
Kaylon Mary Lauren Cook, either directly or indirectly, with hydrocodone and
alprazolam drugs;

2.       allowing
Kaylon Mary Lauren Cook to ingest opiates in his home and while under his care
and supervision, proximately causing her death;

3.       failing
to monitor Kaylon’s use of hydrocodone and alprazolam drugs prescribed by
physicians;

4.       failing
to notify Linda Cook of the health condition of Kaylon Mary Lauren Cook;

5.       failing
to obey court orders and in so doing rendering Linda Cook unable to intervene
to protect Kaylon Mary Lauren Cook from the injuries she sustained as a result
of Defendant Linton Cook’s acts and omissions;

6.       refusing
to allow Linda Cook to talk to Kaylon Mary Lauren Cook over the telephone on
the night she became ill from the ingestion of hydrocodone and alprazolam drugs
on September 11, 2004;

7.       failing
to properly inform the EMS of the cause of Kaylon Mary Lauren Cook’s illness;

8.       failing
to monitor Kaylon Mary Lauren Cook’s health condition during the night of
September 11, 2004;

9.       failing
to render proper care to Kaylon Mary Lauren Cook;

10.     failing
to care, control, protect, and support Kaylon Mary Lauren Cook; and

11.     by taking
or retaining possession or concealing the whereabouts of Kaylon Mary Lauren
Cook in violation of the possessory rights of Linda Cook, in violation of
Section 42.002 of the Texas Family Code.

See Tex.
Civ. Prac. & Rem. Code Ann. § 71.002(b) (Vernon 2008)
(wrongful-death cause of action: “A person is liable for damages arising from
an injury that causes an individual’s death if the injury was caused by the
person’s . . . wrongful act, neglect, carelessness, unskillfulness, or default.”);
Tex. Civ. Prac. & Rem. Code Ann.
§ 71.021(b) (Vernon 2008) (survival cause of action: “A personal injury
action survives to and in favor of the heirs, legal representatives, and estate
of the injured person.”).

Linton’s no-evidence assertions do not negate all of
Linda’s allegations of negligent acts or omissions.  For example, Linton’s motion does not allege
a lack of evidence that he failed to monitor Kaylon’s use of prescription drugs, failed to monitor
Kaylon’s condition during the night of her overdose, failed to render proper
care to Kaylon, and failed to properly inform paramedics of the cause of Kaylon’s
illness.  To the extent Linton’s motion does not claim a lack of evidence as to
these allegations, he also makes no legal argument that he could not be held
liable based upon the unaddressed allegations of negligent acts or omissions.  For these reasons, Linton’s motion for
summary judgment should not have been granted.

Without
expressing an opinion on the ultimate merits of Linda’s wrongful‑death and
survival causes of action, on this record we hold that the trial court erred in
granting a summary judgment for Linda’s wrongful-death and survival claims
against Linton.  Accordingly, we sustain issue one.

II.              
Summary judgment in favor of remaining appellees

          In her second issue, Linda does not
contest the summary judgment the trial court rendered against her original
claim that the remaining appellees “set in motion the series of events that led
to Kaylon’s death by evicting the Appellant and Kaylon from a home and
manipulating the Appellant’s finances so that she was eventually forced to
concede primary custody of Kaylon to Linton.” 
Linda does, however, argue that the
trial court erred in rendering a final summary judgment against the
remaining appellees because she raised a new claim for relief in her amended
petition.  After the motions for summary
judgment were filed, Linda amended her petition and alleged that certain
property “subject to satisfaction of a judgment in this case” is controlled by
the appellees and “in danger of being removed or materially injured and/or
transformed or converted.”  Linda
requested the appointment of a receiver and temporary and permanent injunctive
relief.

Appellees respond by
characterizing Linda’s request for equitable relief as merely “a new theory of
recovery” and stating that the summary judgment should be affirmed because
limitations would have barred any new claims. 
Whatever merit appellees’ legal arguments may have, they were not
presented to the trial court.  “[A]
motion for summary judgment must itself expressly present the grounds upon
which it is made.  A motion must stand or
fall on the grounds expressly presented in the motion.”  McConnell
v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993).  Accordingly we hold that to the extent the
final summary judgments denied Linda’s request for appointment of a receiver,
those orders improperly granted more relief than was requested.  We sustain issue two.

Conclusion

          We reverse the trial court’s final
summary judgments to the extent they dismiss the wrongful-death and survival
claims against Linton and to the extent they deny Linda’s request for
appointment of a receiver.  The case shall
be remanded to the trial court for further proceedings.

 

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.